Matthew G. McAndrews (IL SBN 6229799)
mmcandrews@niro-mcandrews.com
Kyle D. Wallenberg (IL SBN 6314218)
kwallenberg@niro-mcandrews.com
**NIRO MCANDREWS, LLC**
200 West Madison Street, Suite 2040
Chicago, Illinois 60606
Telephone: (312) 755-8581
Facsimile: (312) 674-7481
(pending *pro hac vice* admission)

Panagiotis Prountzos (SBN 282451)
panagiotis@prountzoslaw.com
**THE LAW OFFICES OF PANAGIOTIS PROUNTZOS**
333 W Portal Ave, Suite A
San Francisco, California 94127
Telephone:  (415) 661-8334
Facsimile:  (415) 731-6687

*Attorneys for Plaintiff Net Talk.com, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NET TALK.COM, INC., <br><br> Plaintiff, <br><br> v. <br><br> OBIHAI TECHNOLOGY, INC., <br><br> Defendant. | Case No. 18-cv-1194 <br><br> COMPLAINT FOR PATENT INFRINGEMENT <br><br> JURY TRIAL DEMANDED |

Plaintiff Net Talk.com, Inc. ("Plaintiff" or "NetTalk"), by and through its attorneys, complains of Defendant, Obihai Technology, Inc. ("Defendant" or "Obihai"), as follows:

**I.    INTRODUCTION – NATURE OF THE ACTION**

1.    This is an action arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and is brought by Plaintiff against Defendant for Defendant's infringement of U.S. Patent Nos. 9,491,304 ("the '304 patent") and 9,667,800 ("the '800 patent") both entitled "VoIP Analog Telephone System."  Copies of the '304 patent and the '800 patent are attached as Exhibits A and B, respectively.

## II. THE PARTIES

2. NetTalk is a corporation organized under the laws of the State of Florida with a place of business at 1080 Northwest 163rd Drive, Miami Gardens, Florida 33169. NetTalk is in the business of, among other things, the design, marketing, sale, and support of voice over internet protocol ("VoIP") products.

3. On information and belief, Obihai is a corporation organized under the laws of the State of California having a place of business 51 East Campbell Avenue, Campbell, California 95008. On further information and belief, Obihai is in the business of, among other things, the marketing and sale of consumer electronics, including but not limited to Obihai's ObiWiFi, Obi200, Obi202, Obi300, and Obi302 VoIP telephone adapters and accessories.

## III. JURISDICTION AND VENUE

4. This Court has exclusive jurisdiction over the subject matter of this case under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States.

5. The Court has personal jurisdiction over Obihai because Obihai is incorporated in State of California, has a regular and established place of business in the Northern District of California, and as discussed in greater detail below, has committed acts of patent infringement in this judicial district.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b). *See, e.g., TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017).

## IV. PATENTS-IN-SUIT

7. NetTalk owns all right, title and interest in, and has standing to sue for infringement of, United States Patent 9,491,304 ("the '304 patent"), entitled "VoIP Analog Telephone System," which issued on November 8, 2016. A copy of the '304 patent is attached hereto as Exhibit A.

8. NetTalk owns all right, title and interest in, and has standing to sue for infringement of, United States Patent 9,667,800 ("the '800 patent"), entitled "VoIP Analog Telephone System," which issued on May 30, 2017. A copy of the '800 patent is attached hereto as Exhibit B.

## V. COUNT I – INFRINGMENT OF U.S. PATENT NO. 9,667,800

9. NetTalk repeats and re-alleges the allegations in preceding paragraphs as though fully set forth herein.

10. Obihai has infringed and continues to infringe the '800 patent by, at least, offering for sale and, on information and belief, importing into and selling throughout the United States, including within this judicial district, its Obi200 with OBiWifi, Obi202 with OBiWifi, Obi300 with OBiWifi, and Obi302 with OBiWifi VoIP analog telephone adapters (collectively, "Obihai ATAs" or the "Accused Products"), which, according to information previously published on Obihai's website, "bridge mobile, fixed line and Internet telephone services." The Obihai website on which this information was published was previously located at the following URL: http://www.obihai.com/what-is. Obihai's website also included the following images of one of its Obi200 analog telephone adapter:

 

11. On information and belief, all models of the Obihai ATAs offered for sale on Obihai's website infringe the '800 patent.

12. Obihai has infringed and continues to infringe at least claims 1-20 of the '800 patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, offering for sale and, on information and belief, importing into and selling the Accused Products throughout the United States. The Accused Products contain each and every element of

at least claims 1-20 of the '800 patent both literally and under the doctrine of equivalents in contravention of 35 U.S.C. § 271.

13. Subject to additional information obtained during discovery, the Court's construction of any patent claim terms about whose meaning the parties disagree, and the detailed infringement contentions NetTalk will make pursuant to this district's Local Patent Rules (*see, e.g.,* LPR 3-1), the Accused Products infringe claims 1-20 of the '800 patent as follows:

   a. The Accused Products each include an electronic device that enables users to "make and receive phone calls and faxes as well as bridge mobile, fixed line and Internet telephone services." S*ee*

   https://web.archive.org/web/20140401011830/http://www.obihai.com/partner/obi3

   b. The Accused Products each include an electronic device with a rigid housing, a USB port, an Ethernet port, a telephone port to send and receive signals from an analog telephone, a processor, a non-transitory storage medium, and a network interface card.



   c. The Accused Products each include an electronic device having a first configuration where the device communicates with the internet via a WiFi adapter in the USB port, and relays communications from the telephone port to the USB port to enable telephony services. The relay of communications form the USB port is independent from the Ethernet port.

*The OBi200 USB port may be used to connect the OBiWiFi, OBiBT accessories and/or an external storage device.



d. The Accused Products each include an electronic device having a second configuration where the device communicates with the internet via the Ethernet port and relays communications from the telephone port to the Ethernet port to enable telephony services.

e. The non-transitory storage medium of the electronic device includes instructions for automatically detecting internet connectivity at the USB port. *See* test video at: https://www.dropbox.com/s/5xsumk2c2776yos/OBIHAI%20300%20-%20Automatic%20USB-WiFi.m4v?dl=0

f. The non-transitory storage medium of the electronic device includes instructions for automatically detecting internet connectivity at the Ethernet port. *See* test video at: https://www.dropbox.com/s/s4hkt25kxobxsqw/OBIHAI%20300%20-%20Automatic%20Ethernet.m4v?dl=0

g. The non-transitory storage medium of the electronic device includes instructions for providing plug-in-play functionality by automatically configuring the electronic device to utilize the USB port for internet communications when internet connectivity is detected at the USB port and no internet connectivity is detected at the Ethernet port. *See* test video at:

https://www.dropbox.com/s/5xsumk2c2776yos/OBIHAI%20300%20-%20Automatic%20USB-WiFi.m4v?dl=0

h. The non-transitory storage medium of the electronic device includes instructions for providing plug-in-play functionality by automatically configuring the electronic device to utilize the Ethernet port for internet communications when internet connectivity is detected at the Ethernet port and no internet connectivity is detected at the USB port. *See* test video at:

https://www.dropbox.com/s/s4hkt25kxobxsqw/OBIHAI%20300%20-%20Automatic%20Ethernet.m4v?dl=0

i. The non-transitory storage medium of the electronic device includes instructions for providing plug-in-play functionality by automatically configuring the electronic device to utilize the Ethernet port for internet communications when internet connectivity is detected at both the Ethernet port and the USB port.

**OBiWiFi Wireless USB Adapter**

Note: OBiWiFi is available on the OBi2 Series and OBi3 Series models only.

OBiWiFi supports the 8021.11 b/g/n wireless standards so that an OBiWiFi Wireless Adapter may be used with the USB 2.0 port of the OBi2 Series and OBi3 Series devices. From an IP routing point of view, OBiWiFi is an additional WAN interface. If both WAN interfaces are connected (Ethernet port and OBiWiFi), the traffic destined to the WAN side will route through the Ethernet interface only, unless a) the WAN (Ethernet) interface and OBiWiFi are on different subnet and b) the destination address is on the same subnet as OBiWiFi.

j. The Accused Products each include an electronic device having a WiFi adapter secured in the USB port.



k. The non-transitory storage medium of the electronic device is configured to store Wi-Fi parameters.



l. Preliminary tests indicate that the electronic devices of the Accused Products send and receive analog format communications via the telephone port, digital WiFi format communications via the USB port, and digital Ethernet format communications via the Ethernet port that are different than the digital WiFi format.

m. The Accused Product each have an electronic device with a USB port, an Ethernet port, and a telephone port are all located on a single side of a rigid housing.



14. NetTalk has complied with 35 U.S.C. § 287 to the extent required by law.

15. NetTalk previously notified Obihai of the '800 patent and Obihai's infringement of the same. Obihai, therefore, has actual knowledge of the '800 patent and its conduct giving rise to NetTalk's claim of infringement of the '800 patent. Notwithstanding, Obihai's infringement has persisted. Accordingly, Obihai's ongoing infringement of the '800 patent has been willful.

**VI.   COUNT II – INFRINGMENT OF U.S. PATENT NO. 9,491,304**

16. NetTalk repeats and re-alleges the allegations in preceding paragraphs as though fully set forth herein.

17. Obihai has infringed and continues to infringe the '304 patent by, at least, offering for sale and, on information and belief, importing into and selling throughout the United States, including within this judicial district, its Accused Products, which, according to information previously published on Obihai's website, "bridge mobile, fixed line and Internet telephone services."

18. On information and belief, all models of the Obihai ATAs offered for sale on Obihai's website infringe the '304 patent.

19. Obihai has infringed and continues to infringe at least claims 1-3, 6, 7, 10, 13, 14, 15, and 17 of the '304 patent within the meaning of 35 U.S.C. § 271(b) by inducing its customers to use the Obihai ATAs in the United States. Obihai specifically intended the end-users of the Obihai ATAs to infringe at least claims 1-3, 6, 7, 10, 13, 14, 15, and 17 of the '304 patent knowing that its customers' use of the Obihai ATAs in the United States constituted infringement of at least claims 1-3, 6, 7, 10, 13, 14, 15, and 17 of the '304 patent.

20. Obihai has infringed and continues to infringe at least claims 1-3, 6, 7, 10, 13, 14, 15, and 17 of the '304 patent within the meaning of 35 U.S.C. § 271(c) through the foregoing activities including, among other things, importing, offering for sale, and selling the Obihai ATAs and by instructing, aiding, assisting, authorizing, advertising, marketing, promoting, providing for, and/or encouraging the offer for sale, sale, and use of the Obihai ATAs, which constitute a material part of the patented invention of the '304 patent, which Obihai knew are especially made or adapted for use in an infringement of the '304 patent, and which are not a staple article of commerce suitable for substantial non-infringing use. The direct infringers for Obihai's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, Obihai's end-users of the Obihai ATAs.

21. Subject to additional information obtained during discovery, the Court's construction of any patent claim terms about whose meaning the parties disagree, and the detailed

infringement contentions NetTalk will make pursuant to this district's Local Patent Rules (*see, e.g.,* LPR 3-1), the Accused Products infringe the asserted claims as follows:

    a. The Accused Products are especially made for and adapted to be part of a VoIP telephone system that allows users to "make and receive phone calls and faxes as well as bridge mobile, fixed line and Internet telephone services." The Accused Products communicate with publicly switched telephone networks such that users of the Accused Products can call other telephone handset users over the internet, and the Defendant's advertising and product manuals instruct customers how to utilize the publicly switched telephone networks via the Accused Products. S*ee* https://web.archive.org/web/20140401011830/http://www.obihai.com/partner/obi3

    b. The Accused Products include an electronic device configured to connect to the internet via two independent paths. The first path utilizes a USB connection on the electronic device to wirelessly connect to a modem connected to the internet. The second path utilizes an Ethernet port on the electronic device, an Ethernet cord, and a router to connect to the internet. As shown below, the Defendant's user manuals and advertising instruct customers how to utilize Ethernet cords and routers with the Accused Products.

 

    *See also* http://www.obihai.com/wifi

    c. The Accused Products include an electronic device with a rigid housing, a central processor, a non-transitory storage medium, memory, and a network interface card.

    d. The Accused Products include an electronic device with a USB port, an Ethernet Port, and a telephone port specifically configured to be used with an analog

telephone receiving and transmitting sound signals.  The USB, Ethernet, and telephone ports are all located on a single side of the rigid housing.  As shown below, the Defendant's advertising and user manuals direct users to connect an analog telephone to the Obihai ATAs.

 

e. The Accused Products include an electronic device configured to communicate with the internet via two distinct configurations; the first configuration utilizing the USB port of the electronic device and the first path while the second configuration utilizes the Ethernet port, an Ethernet cord, and the second path.  The Defendant's advertising and user manuals instruct users to utilize one of the two communication paths.

*First Route to Internet via USB port and ObiWiFi Adapter*



*Second Route to Internet via Ethernet Port and Ethernet Cord*



f.  The Accused Products include an electronic device configured to communicate with the internet via the two distinct paths, and the configurations are selectable by a user without connecting the electronic device to a computer.

*Selecting Connection via Ethernet*



See https://www.youtube.com/watch?v=iydg5lY1UA8&feature=youtu.be

*Selecting Connection via WiFi*



See https://www.youtube.com/watch?v=2h_U_dEqHR8

g.  The Accused Products include an electronic device that automatically detects the configuration selected by the user and auto-configures itself to utilize the selected configuration so that users may communicate, via the internet, with other telephone handsets over a publicly switched telephone network using either communication path without the electronic device being directly connected to the publicly switched

telephone network.  If both the USB and Ethernet ports are enabled by a user, the Accused Products auto-configure themselves to utilize the Ethernet ports.

**OBiWiFi Wireless USB Adapter**

Note: OBiWiFi is available on the OBi2 Series and OBi3 Series models only.

OBiWiFi supports the 8021.11 b/g/n wireless standards so that an OBiWiFi Wireless Adapter may be used with the USB 2.0 port of the OBi2 Series and OBi3 Series devices. From an IP routing point of view, OBiWiFi is an additional WAN interface. If both WAN interfaces are connected (Ethernet port and OBiWiFi), the traffic destined to the WAN side will route through the Ethernet interface only, unless a) the WAN (Ethernet) interface and OBiWiFi are on different subnet and b) the destination address is on the same subnet as OBiWiFi.

h. The Accused Products include an electronic device that is configured to connect via a communications path that includes both a router and a modem.  The Defendant's advertising and user manuals direct users to create a communication path from the Obihai ATAs to the internet that includes both a router and a modem.



*See* https://www.itp4you.com/InstallationGuide-Obi.pdf

i. The Accused Products include an electronic device that is configured to wirelessly connect to a modem via an ObiWiFi adapter.



j. The Accused Products are configured to connect to the Obihai computer network. The Obihai computer network includes a webpage where users are able to login with their phone numbers and passwords.



k.  The Accused products include electronic devices that transmit Internet Protocol data through the USB port when the first communication path is utilized and Internet Protocol through the Ethernet Port when the second communication path is utilized.

22. NetTalk has complied with 35 U.S.C. § 287 to the extent required by law.

23. NetTalk previously notified Obihai of the '304 patent and Obihai's infringement of the same. Obihai, therefore, has actual knowledge of the '304 patent and its conduct giving rise to NetTalk's claim of infringement of the '304 patent. Notwithstanding, Obihai's infringement has persisted. Accordingly, Obihai's ongoing infringement of the '304 patent has been willful.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff NetTalk respectfully asks this Court to enter judgment against Defendant Obihai, and against its subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with Obihai, granting the following relief:

A.  The entry of judgment in favor of NetTalk and against Obihai;

B.  An award of damages adequate to compensate NetTalk for the infringement that has occurred, and in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest; and

C.     Such other relief that NetTalk is entitled to under law, and any other and further relief that this Court or a jury may deem just and proper.

Respectfully submitted,

Dated:  February 23, 2018

Matthew G. McAndrews
Kyle D. Wallenberg
NIRO McANDREWS, LLC
200 West Madison Street, Suite 2040
Chicago, IL 60606
(312) 755-8575
Fax: (312) 674-7481
mmcandrews@niro-mcandrews.com
kwallenberg@niro-mcandrews.com
(pending *pro hac vice* admission)

Panagiotis Prountzos
THE LAW OFFICES OF
PANAGIOTIS PROUNTZOS
333 W Portal Ave, Suite A
San Francisco, California 94127
(415) 661-8334
Fax:  (415) 731-6687
panagiotis@prountzoslaw.com

*/s/ Panagiotis Prountzos*
Panagiotis Prountzos
*Attorneys for Plaintiff,*
Net Talk.com, Inc.

## DEMAND FOR TRIAL BY JURY

NetTalk demands a trial by jury on all issues presented in this Complaint.

Dated:  February 23, 2018

Matthew G. McAndrews
Kyle D. Wallenberg
NIRO McANDREWS, LLC
200 West Madison Street, Suite 2040
Chicago, IL 60606
(312) 755-8575
Fax: (312) 674-7481
mmcandrews@niro-mcandrews.com
kwallenberg@niro-mcandrews.com
(pending *pro hac vice* admission)

Panagiotis Prountzos

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THE LAW OFFICES OF
PANAGIOTIS PROUNTZOS
333 W Portal Ave, Suite A
San Francisco, California 94127
(415) 661-8334
Fax:  (415) 731-6687
panagiotis@prountzoslaw.com

*/s/ Panagiotis Prountzos*
Panagiotis Prountzos
*Attorneys for Plaintiff,*
Net Talk.com, Inc.